IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Travis F. Hipp, | ) | Civil Action No. 5:17-2297-TMC |
|           Petitioner, | ) | |
| vs. | ) | **ORDER** |
| Michael Stephan, | ) | |
|           Respondent. | ) | |

Petitioner, Travis F. Hipp ("Petitioner"), a state prisoner, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that Respondent's motion for summary judgment (ECF No. 28) be granted. (ECF No. 39). The parties were advised of their right to file objections to the Report. (ECF No. 39 at 39). The court extended the time for Petitioner to file objections to July 3, 2018. (ECF No. 41). Petitioner timely filed objections on July 3, 2018 (ECF No. 43) and filed amended objections on July 4, 3018 (ECF No. 44).

The magistrate judge makes only a recommendation to the court. The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection,

the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## I. Background

The magistrate judge set forth the background and procedural history in her Report. (ECF No. 39 at 1–3).[1] On March 19, 2012, Petitioner pled guilty to his pending charges and was sentenced to concurrent sentences of thirty years for burglary, first degree; fifteen years for burglary, second degree; ten years for each count of petit larceny, third or subsequent property offense and malicious injury to real property, third or subsequent property offense; and five years for breaking into a motor vehicle. (ECF Nos. 29-1 at 65 and 39 at 2).[2]

Petitioner filed no direct appeal. (ECF No. 39 at 2). Petitioner filed an application for post-conviction relief ("PCR") on March 12, 2013, and an amended PCR application on January 2, 2015, after being appointed counsel. *Id.* at 2-3. After an evidentiary hearing on January 13 and 14, 2015, the PCR court denied Petitioner relief in an order filed March 31, 2015. *Id.* at 3. Petitioner filed an appeal of the denial of his PCR application. *Id.* at 18. On September 21, 2016, the South Carolina Supreme Court denied Petitioner's petition for a writ of certiorari. *Id.* at 19. The remittitur was issued October 18, 2016, and filed on October 21, 2016. *Id.* Petitioner filed this habeas corpus petition on August 25, 2017, raising two grounds for relief:

> **Ground One:** Violation of my sixth amendment right to adequate effective counsel. An offer was put on the table on 10/02/11 from Zachary Ellis my attorney Andrea Price did not convey this plea bargain to me but she sent a man that was not my attorney named James Cheeks to make an offer different than the one she received. . . .
>
> **Ground Two:** Involuntary plea. I was told several times by my attorney that if I did not plea guilty they would seek life without parole. This was a threat to get me to plea guilty.

---

[1] Neither party objects to the magistrate judge's recitation of the procedural history.
[2] Petitioner was represented by trial counsel Andrea Price. (ECF No. 39 at 2).

(ECF Nos. 1 at 5-7 and 39 at 19).  In his Report, the magistrate judge found that Petitioner's petition is subject to dismissal because Petitioner failed to file his application for writ of habeas corpus in federal court within one year following the exhaustion of his state court remedies and because Petitioner failed to qualify for equitable tolling.  (ECF No. 39 at 30-38).

## II. Discussion

In his objections, Petitioner does not dispute the magistrate judge's finding regarding the untimeliness of Petitioner's habeas petition.  (ECF No. 44).  However, he contends that the magistrate judge erred by (1) finding that trial counsel's failure to file or advise Petitioner on filing a direct appeal does not support equitable tolling, (2) finding that Petitioner's intellectual and mental disabilities does not warrant equitable tolling, and (3) failing to grant additional time for Petitioner to gather records and other evidence regarding Petitioner's continued disabilities.  (ECF No. 44 at 1-4).

The United States Supreme Court has held that the federal one-year statute of limitations can be subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631 (2010); *see also Rouse v. Lee*, 314 F.3d 698, 704 (4th Cir. 2003). Circumstances will rarely warrant equitable tolling, however, and a Petitioner carries the burden of showing that he is entitled to equitable tolling. *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).  Further, equitable tolling applies only in the rare and exceptional circumstance, and is limited to "extraordinary circumstances" preventing a petitioner from filing a timely petition. *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000). "[T]he party seeking equitable tolling must [also] have acted with reasonable diligence throughout the period he seeks to toll." *Marengo v. Conway*, 342 F.Supp.2d 222, 230 (S.D.N.Y. 2004) (*quoting Warren*, 219 F.3d at 113).  A petitioner is entitled to equitable tolling only if he shows, "(1) that he has been pursuing his rights diligently, and (2) that some

3

extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (internal quotations omitted); *see Rouse v. Lee*, 339 F.3d 238, 247 (4th Cir. 2003) (articulating that for equitable tolling to apply, a petitioner must establish that (1) extraordinary circumstances, (2) beyond his control and external to his own conduct (3) prevented him from filing on time).

Courts have held that "unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling." *Harris,* 209 F.3d at 330–32. Nor are prison conditions, such as lockdowns or misplacement of legal papers, normally grounds for equitable tolling." *Id.; see also Jones v. South Carolina,* 2006 WL 1876543, (D.S.C. June 30, 2006) (unpublished) ("Other courts addressing equitable tolling have found that 'extraordinary circumstances' are not: having an inadequate law library, attorney error, claims of actual innocence, reliance on other inmates' advice, ignorance of the AEDPA filing deadline, or even (in some instances) petitioner illness.")

In his first objection, Petitioner argues that the magistrate judge erred by giving deference to the PCR court's findings regarding trial counsel's failure to file or advise Petitioner on filing a direct appeal. (ECF No. 44 at 1-2). He alleges that the PCR court's dismissal of the issue was an erroneous and unreasonable application of the law, asserting that the PCR court dismissed the issue because it found that no appellate issue would have been meritorious. *Id*. He argues that trial counsel's failure to file or advise Petitioner on how to file a notice of direct appeal supports his argument that equitable tolling applies. It appears that Petitioner argues that, had he filed a direct appeal, he would have had more time to prepare and file a habeas petition.

In her Report, the magistrate judge found that the PCR court considered and rejected Petitioner's "abandonment" argument on its merits. She determined that the PCR court's finding is entitled to deference because it is reasonable and supported by substantial evidence. (ECF No.

39 at 34). As quoted by the magistrate judge, the PCR judge gave several reasons that Petitioner's ineffective assistance of counsel argument lacked merit. The PCR court found: (1) that Petitioner failed to prove that he expressed a desire to appeal to his counsel, (2) a rational defendant would not want to appeal Petitioner's sentence considering his record and charges, and (3) neither Petitioner nor counsel testified to or provided any meritorious issue Petitioner may have raised on appeal. (ECF No. 29-1 at 155-56) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000) (holding that counsel only has a constitutionally imposed duty to consult with the defendant about an appeal when "there is reason to think either (1) that a rational defendant would want an appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing."); *Turner v. State*, 682 S.E.2d 792, 794–95 (S.C. 2009) ("In a plea proceeding, however, there is no requirement that plea counsel inform a defendant of the right to a direct appeal absent extraordinary circumstances.")).

In any event, it is accepted in this and other circuits that error, of the sort alleged by Petitioner, by counsel is insufficient justification for the application of equitable tolling. *See Rouse v Lee,* 339 F.3d 238, 248 (4th Cir. 2003) (quoting *Beery v. Ault,* 312 F.3d 948, 951 (8th Cir.2002) for the proposition that "[i]neffective assistance of counsel generally does not warrant equitable tolling"); *see also, Shore v. Perry,* No. 1:15-cv-653, 2016 WL 3512215 (M.D.N.C. June 22, 2016), *adopted by* 2016 WL 4099123 (M.D.N.C. Aug. 2, 2016) (finding that the failure of the petitioner's counsel to pursue or advise the petitioner about a direct appeal "entitles Petitioner to no relief from the AEDPA's statute of limitations because the absence of a direct appeal did not affect his ability to file a habeas action in this Court."); *Schmitz v. Taylor,* No. 5:14-3626, 2014 WL 6810384, at *3 (D.S.C. Dec. 2, 2014) ("[A]llegedly ineffective assistance of counsel based on the failure to file an appeal does not constitute an 'extraordinary circumstance' that would justify equitable tolling

5

when the failure to appeal had been public knowledge and could have been discovered through the exercise of reasonable diligence."); *Broadnax v. Angelone,* No. 2:02-cv-158, 2002 WL 32392670, at *1 (E.D. Va. Sept. 19, 2002) ("[Petitioner's] failure to direct his attorney to file an appeal for him does not give him a basis upon which he may come into federal court after the statute of limitations has run . . . [and][a]ssuming, arguendo, that petitioner's attorney had erroneously advised him in connection with his collateral appeal, that failure would be insufficient to warrant equitable tolling of a statute of limitations."). Petitioner has failed to show that his trial counsel's behavior entitles him to equitable tolling.

Additionally, while the limitation period would have been tolled while Petitioner's appeal was pending if he had filed such an appeal, whether Petitioner would have filed a timely habeas petition is purely speculative. In the present circumstances, Petitioner waited 348 days to file his PCR application and his habeas petition was filed over nine-months after the limitation period. (ECF No. 39 at 32). As the magistrate judge stated, the record does not show that Petitioner acted with diligence in pursuing his rights. *Id*. at 34. The court agrees with the magistrate judge that the PCR court's finding warrants deference and finds that Petitioner fails to demonstrate the existence of exceptional circumstances sufficient to qualify for equitable tolling. Petitioner's first objection is without merit.

Second, Petitioner alleges that the magistrate judge erred by finding that Petitioner's mental disabilities fail to warrant equitable tolling because the case record as well as Petitioner's education record demonstrate that Petitioner's disabilities prevented him from timely filing his habeas petition. Petitioner's objection largely repeats his argument from his Response to Respondent's motion for summary judgment. (ECF No. 44).

The magistrate judge addressed Petitioner's argument regarding his mental disability and found that, despite Petitioner's below average school performance, in light of the record before the court, Petitioner's arguments for equitable tolling are inadequate. (ECF No. 39 at 37). The Fourth Circuit Court of Appeals has held that equitable tolling for mental disabilities should only be granted in cases of profound mental incapacity. *United States v. Sosa,* 364 F.3d 507, 513 (4th Cir. 2004) (citing *Grant v. McDonnell Douglas Corp.,* 163 F.3d 1136, 1138 (9th Cir.1998) (only with institutionalization or adjudged incompetence)). *See, e.g., Green v. Hinsley,* 116 Fed. App'x 749, 751 (7th Cir. 2004) (finding that equitable tolling did not apply because petitioner failed to submit evidence of how his low IQ would render him incompetent or prevent him from timely filing his petition); *Benjamin v. State of South Carolina*, C.A. No. 9:06-1154-TLW-GCK, 2007 WL 4268795, at *9 (D.S.C. Nov. 28, 2008) ("A habeas petitioner who cannot establish a causal connection between his alleged lifelong mental incapacity and his inability to file a timely petition cannot be the beneficiary of equitable tolling.").

As the magistrate judge found, the record shows that Petitioner was able to file a timely and cogent PCR application during the period he contends he was on periodic lockdown and was intellectually disabled. (ECF No. 39 at 36). Also, there is no indication of any extraordinarily low intellectual functioning in the transcript of the guilty plea or PCR hearing; rather, Petitioner was able to clearly respond to questioning. *Id.* The magistrate judge also found that there is no discussion at any hearing or in any filings of Plaintiff being unable to assist his counsel or file documents on his own behalf. Further, the magistrate judge stated that Petitioner clearly discussed applicable case law that he found doing research at the PCR hearing, and his Amended PCR Application contained a three-page document containing extensive, on-point case law citations and legal analysis. *Id.* at 37. The magistrate judge concluded that, regardless of Petitioner's below

7

average school performance, the record before the court demonstrates Petitioner's efforts to obtain equitable tolling are inadequate. *Id*.

In his objection, Petitioner alleges that his PCR application took nearly a year to file because of the long period of time needed for Petitioner to read case law and prepare, rather than a lack of diligence or inadvertence. (ECF No. 44 at 4). However, while he states in a conclusory manner that he was diligent, he fails to establish that he acted with reasonable diligence and fails to support his allegation that the length of the delay was caused by a mental disability. *See Holland*, 560 U.S. at 649. Additionally, Petitioner argues that the fact that the attachment to his Amended PCR application was filed nearly a year and a half after his initial PCR application and contains the copying of excerpts from a book on case law supports a finding of equitable tolling. However, again, he fails to demonstrate his diligence or show that disability caused any delay in filing. *See Nesbit–Harris v. Jackson,* No. 3:07–CV–696, 2008 WL 2329173, at *4 (E.D. Va. June 3, 2008) (A plaintiff seeking equitable tolling due to mental incapacity must show that her condition "prevented [her] from understanding and maintaining [her] affairs generally and from complying with the deadline [s]he seeks to toll." (internal quotations omitted)). Further, regardless of the source, Petitioner's ability to locate and compile a document containing on-point case law does not support a finding of profound mental incapacity sufficient to warrant equitable tolling. The court agrees with the magistrate judge's finding that based on the record before the court, Petitioner fails to show that his situation warrants equitable tolling. Accordingly, Petitioner's second objection fails.

Third, Petitioner states that in his Response opposing Respondent's motion for summary judgment (ECF No. 36), Petitioner requested leave to gather and file further records and evidence to support his argument that Petitioner has a mental disability rising to the level necessary for

equitable tolling. He argues that the magistrate judge erred by not ruling on or granting his request and renews his request in his objection.

The record shows that Petitioner filed two motions for extension of time to file a response to Respondent's motion for summary judgment, which was originally due by March 6, 2018. (ECF Nos. 21 and 34). The magistrate judge granted both motions, extending Petitioner's time to respond to April 4, 2018, and May 4, 2018, respectively. (ECF Nos. 32 and 35). In these motions, Petitioner requested more time in order to gather documentation pertinent to Petitioner's mental capacity. *Id*. Rather than filing a further motion for extension, Petitioner filed his Response in opposition to Respondent's motion for summary judgment on May 4, 2018, and attached numerous exhibits containing Petitioner's school records. (ECF No. 36). In his response, Plaintiff stated, "Undersigned respectfully requests for leave to file additional supporting documents regarding any the impact of his surgery and medical treatments on his access to the law library, and any mental health evaluations or treatment that may have occurred during the applicable statute of limitations period." *Id.* at 5. However, he filed no formal motion requesting leave to file additional documents. Nor did Petitioner describe the documents he intended to file with any specificity.

In *Tyson v. Ozmint,* No. 6:06-0385-PMD-WMC, 2006 WL 3139682, at *3 (D.S.C. Oct. 31, 2006), this court noted that 28 U.S.C. § 636(b)(1) permitted a district court to receive additional evidence when ruling on objections to a Report and Recommendation. "However, this court is not required to consider any evidence that was not before the magistrate judge." *Tyson,* 2006 WL 3139682, at *3. *See also Wojcicki v. Aiken Technical College,* 360 Fed. Appx. 484 (4th Cir. 2010) (it is the court's discretion whether to consider evidence submitted after a Report). In *Virgin Enters. Ltd. v. Virgin Cuts, Inc.,* 149 F. Supp. 2d 220, 223–24 (E.D. Va. 2000), the court explained why the consideration of additional evidence is not favored:

> While there may be cases in which receipt of further evidence is appropriate, there are substantial reasons for declining to do so as a general matter. First, permitting piecemeal presentation of evidence is exceptionally wasteful of time of both the magistrate and district judges, the former having been compelled to write an arguably useless report based on less than the universe of relevant evidence and the latter being deprived of the benefit of the magistrate judge's considered view of the record. Second, opposing parties would be put to the burden of proceedings which, to a considerable degree, would be duplicative. Third, there would be instances in which parties would be encouraged to withhold evidence, particularly evidence which might be embarrassing as well as helpful on the merits, in the expectation of using it before the district judge only if they fail to prevail before the magistrate judge on a more abbreviated showing. Finally, routine consideration of evidence in support of objections which could have been presented before the magistrate judge would reward careless preparation of the initial papers.

*Virgin Enters. Ltd.,* 149 F. Supp. 2d at 223–24 (quoting *Morris v. Amalgamated Lithographers of America,* 994 F. Supp. 161, 163 (S.D.N.Y. 1998)).

In this case, Petitioner fails to provide or describe with any specificity the additional evidence he wants the court to consider. Petitioner's able counsel had more than adequate time to gather and submit any evidentiary materials prior to the filing of the magistrate judge's Report. Two extensions were granted to lengthen the time for his response to Respondent's motion for summary judgment. (ECF Nos. 32 and 35). Additionally, Petitioner may have submitted additional evidence with his objections and requested the court's consideration. Rather, Petitioner fails to explain why the two months between the filing of his Response (ECF No. 36) and the filing of his objections (ECF No. 43) was insufficient time to gather and present any new evidence to the court. To date, twenty-seven additional days have passed since Petitioner's objections were filed and Petitioner has not attempted to present new evidence to the court. The court finds that Petitioner's request for leave to gather and file additional records is not appropriate at this time. Accordingly, Petitioner's objections are without merit and Petitioner fails to show grounds for equitable tolling.

### III. Conclusion

After a thorough review of the Report and the entire record in this case, the court adopts the magistrate judge's Report (ECF No. 39) and incorporates it herein. Accordingly, Respondent's motion for summary judgment (ECF No. 28) is **GRANTED** and Petitioner's habeas petition is **DISMISSED**.

Additionally, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

July 31, 2018
Anderson, South Carolina